# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

FELICIA CASH,

      *Plaintiff.*

    v.

EVAN STUART ELAN, *et al.*,

      *Defendants.*

No. 24-cv-2057 (DLF)

## ORDER

Felicia Cash brings legal malpractice, breach of contract, and breach of fiduciary duty claims against Evan Stuart Elan and The Elan Law Firm, for failing to adequately litigate her underlying premises liability case. Compl. ¶ 8, Dkt. 11. Before the Court is the defendants' Motion to Dismiss, Dkt. 23. For the reasons that follow, the Court will deny the motion to dismiss.

Cash hired the defendants in 2016 to represent her in a premises liability case against her landlords.[1] Compl. ¶¶ 8–9. The defendants agreed to bring a premises liability case for injuries she sustained from a bedbug infestation in her apartment and from an incident where she tripped and fell on an unrepaired stair at the property. *Id.* ¶ 8; D.C. Superior Court No. 2019 CA 4784, Sec. Am. Compl. ¶¶ 8, 11. As alleged, the defendants failed to file Cash's lawsuit until nearly three years later, rendering at least some of Cash's claims untimely. Compl. ¶¶ 13–14. When the D.C. Superior Court judge ordered the parties to mediation, the defendants failed to submit the

---

[1] For the factual allegations related to the underlying lawsuit, the Court will take judicial notice of the operative complaint in Cash's D.C. Superior Court case, *Cash v. The Barac Company*, No. 2019 CA 4784. *See Covad Commc'ns Co. v. Bell Atl. Corp.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005) (taking judicial notice of other judicial proceedings). Cash also references her D.C. Superior Court complaint in her complaint for this case. Compl. ¶ 18.

required paperwork on five separate occasions. *Id.* ¶¶ 21–22, 25–26, 28. As a result, the D.C. Superior Court sua sponte dismissed Cash's case for failure to comply with mediation requirements. *Id.* ¶ 29. The defendants filed a notice of appeal a month later. *Id.* ¶ 31. But the defendants again failed to comply with the orders of the appeals court, and the court dismissed the appeal. *Id.* ¶¶ 32–34. The defendants never notified plaintiff of the cancelled mediations or the ultimate dismissal. *Id.* ¶¶ 35, 38.

After learning that her case had been dismissed, Cash sued the defendants in D.C. Superior Court, and the defendants removed to federal court. Dkt. 1. After this Court ruled on Cash's motion to remand, Dkt. 14, Cash's counsel withdrew from the case with Cash's consent, Dkt. 15, and Cash proceeded pro se for the motion to dismiss briefing. The defendants then filed their motion to dismiss for failure to state a claim. Dkt. 23.

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to move to dismiss the complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a complaint must contain factual matter sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A facially plausible claim is one that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This standard does not amount to a specific probability requirement, but it does require "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). A complaint need not contain "detailed factual allegations," *Iqbal*, 556 U.S. at 678, but alleging facts that are "merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility," *id.* (internal quotation marks omitted).

To state a legal malpractice claim, a plaintiff must allege "(1) that there is an attorney-client relationship; (2) that the attorney neglected a reasonable duty; and (3) that the attorney's negligence resulted in and was the proximate cause of a loss to the client." *Chase v. Gilbert*, 499 A.2d 1203, 1211 (D.C. 1985). Causation requires a plausible allegation that the plaintiff "would have fared better in the absence of the attorney's negligence." *Steele v. Salb*, 93 A.3d 1277, 1281 (D.C. 2014) (cleaned up). In other words, an "attorney is not liable for negligence if, notwithstanding the negligence, the client had no cause of action or meritorious defense." *Mawalla v. Hoffman*, 569 F. Supp. 2d 253, 256 (D.D.C. 2008).

The defendants argue Cash has failed to sufficiently plead a legal malpractice claim, because she cannot establish that her underlying premises liability claim had merit. Cash alleges she sustained injuries from bed bugs and a slip and fall. Compl. ¶ 57. In addition, construing the complaint in the light most favorable to Cash, she also had medical records, photographs, and other pieces of evidence that would support her claims against her landlord. *Id.* ¶ 52. The defendants argue these are "mere conclusory" allegations without any support. Mot. to Dismiss at 5. The Court disagrees. For one, Cash does more than simply allege that her premises liability claims have merit. Instead, she alleges that she has specific evidence in support of her claims. In addition, the Court takes notice of Cash's 10-page Superior Court complaint, which is full of particular details supporting the merits of her claims. D.C. Sec. Am. Compl. ¶¶ 8 (alleging that an unrepaired, cracked, and uneven stair caused her fall); *id.* at ¶¶ 16–17 (stating the amount of bedbugs suggests a longstanding infestation that the landlord should have discovered). In sum, Cash has adequately alleged she had a meritorious cause of action in her underlying premises liability case, in support of her legal malpractice claim. *Mawalla*, 569 F. Supp. 2d at 256.

The cases the defendants cite are unavailing. In *U.S. Telesis, Inc. v. Ende*, the court granted the motion to dismiss because the underlying cause of action was contractually foreclosed by a binding contract the plaintiff signed. 64 F. Supp. 3d 65, 68–69 (D.D.C. 2014). This case stands for the proposition that a plaintiff does not plausibly allege causation if there is *no way* she could have prevailed on the underlying claim. Other cases cited by the defendants address a plaintiff's burden at summary judgment, not at the motion to dismiss stage. *See Belmar v. Garza*, 319 B.R. 748, 759 (Bankr. D.C. 2004) (summary judgment); *Dalo v. Kivitz*, 596 A.2d 35, 42 (D.C. 1991) (same). This makes sense, since causation in legal malpractice cases is ultimately a fact question best resolved at a later stage. *See Hickey v. Scott*, 796 F. Supp. 2d 1, 4 (D.D.C. 2011). In sum, Cash's amended complaint meets the bar to plausibly allege causation.

The defendants move to dismiss Cash's breach of contract and breach of fiduciary duty claims on the same grounds. Those claims also advance a theory that the defendants' performance as a law firm fell below the relevant standard of care for the legal profession. "Where, as here, a party has alleged a claim for legal negligence and other claims that, in one form or another, restate the malpractice claim in tort or contract form, the District of Columbia Court of Appeals has held that the other claims must generally reach the same result as the underlying malpractice claim." *Venable LLP v. Overseas Lease Grp., Inc.*, No. 14-cv-02010 (RJL), 2015 WL 4555372, at *3 (D.D.C. July 28, 2015) (cleaned up); *see also Biomet Inc. v. Finnegan Henderson LLP*, 967 A.2d 662, 670 n.4 (D.C. 2009). Thus, because Cash's legal malpractice claim survives, her other claims survive as well.

Accordingly, it is

**ORDERED** that the defendants' Motion to Dismiss, Dkt 23, is **DENIED**. It is further

**ORDERED** that the defendants shall answer the amended complaint on or before March 13, 2025.

February 27, 2025

DABNEY L. FRIEDRICH
United States District Judge